IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00848-REB-MEH

PATRICK COLLINS, INC.,

    Plaintiff,

v.

JOHN DOE 2,

    Defendant.

## MINUTE ORDER

**Entered by Michael E. Hegarty, United States Magistrate Judge, on September 6, 2012.**

    Before the Court is Defendant John Doe #2's Motion to Quash Subpoena and/or For Protective Order [filed June 15, 2012; docket #17].

    In response to this Court's August 30, 2012 order, Defendant filed a supplement to his motion containing a copy of the challenged subpoena.[1] The subpoena appears to be issued from the U.S. District Court for the District of New Jersey. *See* docket #42-1. To the extent the present motion seeks to quash or modify a subpoena issued through any district other than the District of Colorado, this Court must **deny the motion without prejudice**. Pursuant to Rule 45(c)(3)(A), only "*the issuing court*" may quash or modify a subpoena (emphasis added). *See, e.g., In re Sealed Case*, 141 F.3d 337, 341 (D.C. Cir. 1998) (only the issuing court has the power to act on its subpoenas); *In re Digital Equipment Corp.*, 949 F.2d 228, 231 (8th Cir. 1991) (court in district where underlying action was pending did not have jurisdiction to rule on objections to deposition subpoenas obtained in another district). "Subpoenas are process of the issuing court, and nothing in the rules even hints that any other court may be given the power to quash or enforce them." *In re Sealed Case*, 141 F.3d at 341 (citations omitted). Accordingly, the court where the action is pending lacks jurisdiction to rule on subpoenas issued from other courts, unless there is a transfer or remittance of the matter from the issuing court. *See In re Digital Equipment Corp.*, 949 F.2d at 231.

    To the extent Defendant believes his motion for protective order seeks relief other than that which would have the effect of quashing or modifying the subpoena issued from the District of New Jersey, the Court may entertain such motion in accordance with the standards set forth in *Rajala v. McGuire Woods, LLP*, No. 08-2638-CM-DJW, 2010 WL 4683979, at *6-7 (D. Kan. Nov. 12, 2010).

---

[1] The subpoena seeks the identity of Doe #2, IP address 174.51.219.207. *See* docket #42-1.